IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HARSHAD P. DESAI,<br><br>    Plaintiff,<br><br>v.<br><br>GARFIELD SCHOOL DISTRICT, APRIL LEFEVRE, CURTIS BARNEY, RALPH PERKINS, JARED BREMS, and MYRON COTTAM,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 4:23-cv-00103-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

    This matter is before the Court on Defendants' Motion to Dismiss and Plaintiff's Motion for Injunction.[1] These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[2] For the reasons discussed below, it is recommended that service on Garfield School District (the "District") be quashed, Plaintiff be permitted additional time to properly serve all Defendants, and Plaintiff's request for an injunction be denied.

I.  BACKGROUND

    Plaintiff filed this action on November 1, 2023.[3] Plaintiff's Complaint alleges that Defendants have discriminated against him by not permitting him to apply for substitute teaching

---

[1] Docket No. 6, filed December 19, 2023, and Docket No. 10 filed January 2, 2024.

[2] Docket No. 8.

[3] Docket No. 1.

1

positions with the District. Plaintiff attempted to serve the District on November 6, 2023, but this service did not include a summons.[4] Plaintiff has not served the individual Defendants.

## II.  DISCUSSION

A.     DEFENDANTS' MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5), a "defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4."[5] "A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery."[6] "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint."[7]

Motions under these provisions "differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action—quashing the process without dismissing the action—other than simply dismissing the case when the defendant's defense or objection is sustained."[8] The plaintiff has the burden of establishing the validity of service.[9] If a

---

[4] Docket No. 5.

[5] *Richardson v. All. Tire & Rubber Co.*, 158 F.R.D. 475, 477 (D. Kan. 1994) (quoting Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1353 (2d ed. 1990)) (hereinafter Fed. Prac. & Proc.).

[6] *Oltremari ex rel. McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994) (internal quotation marks and citation omitted).

[7] Fed. Prac. & Pro. § 1353 (3d ed. 2004).

[8] *Id.* § 1354.

[9] *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

plaintiff fails to meet their burden, the Court has "broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant."[10]

Under Rule 4(c)(1), "[a] summons must be served with a copy of the complaint." And in cases with multiple defendants, such as this one, a summons "must be issued for each defendant to be served."[11] Further, under Rule 4(m), service must be effectuated within 90 days after the complaint is filed.

Here, service of the Complaint upon the District was deficient because it was not accompanied by a summons. The District requests dismissal based on insufficient service of process. However, dismissal is not appropriate where the Court has not "provided specific instruction to Plaintiff[] as to how to correct the defects in [his] service" and the record suggests that Plaintiff has attempted "to comply with" Rule 4.[12] Given Plaintiff's pro se status and the lack of previous instructions, the Court recommends that service on the District be quashed and that Plaintiff be ordered to properly serve the District with both the Complaint and a properly issued summons.[13]

Additionally, Plaintiff has not served the individual Defendants with either the Complaint or a summons, and more than 90 days have passed since the Complaint was filed. Rule 4(m) dictates that

---

[10] Fed. Prac. & Pro. § 1354; *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("We note that when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.").

[11] Fed. R. Civ. P. 4(b).

[12] *Olsen v. Mapes*, 333 F.3d 1199, 1205 (10th Cir. 2003).

[13] *See Higley v. Utah*, Case No. 2:14-cv-00506-CW-EJF, 2016 WL 8737391, at *2 (D. Utah Jan. 29, 2016).

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

But even "a plaintiff who has failed to show 'good cause' for a mandatory extension of time may still be granted a permissible extension of time within the district court's discretion."[14]

For substantially the same reasons, it is recommended that the Court exercise its discretion and grant Plaintiff an extension to properly serve the individuals Defendants.[15]

B.   PLAINTIFF'S MOTION FOR INJUNCTION

Plaintiff seeks an injunction. To obtain a preliminary injunction or a temporary restraining order, Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[16] "[A] preliminary injunction is an extraordinary remedy; it is the exception rather than the rule."[17] Accordingly, "the right to relief must be clear and unequivocal."[18]

---

[14] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[15] *Id.* at 842 & n.8 (identifying a plaintiff's pro se status as a factor to consider in determining whether to grant an extension).

[16] *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) (citing *Greater Yellowstone Coal. v. Flowers,* 321 F.3d 1250, 1255 (10th Cir. 2003)); *see also Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980) (the same considerations apply to both preliminary injunctions and temporary restraining orders).

[17] *Gen. Motors Corp.*, 500 F.3d at 1226 (quoting *GTE Corp. v. Williams,* 731 F.2d 676, 678 (10th Cir. 1984)).

[18] *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal.*, 321 F.3d at 1256).

Plaintiff's request for injunctive relief is vague and confusing. Plaintiff fails to state what actions he wants enjoined but appears to broadly argue that he should not be discriminated against by local governmental entities. Plaintiff complains of actions that appear largely unrelated to the allegations in his Complaint and concern individuals and entities who are not parties to this action.

Plaintiff fails to address any of the factors required to obtain injunctive relief and his Motion fails to provide any discussion that would demonstrate he could meet them.[19] While the Court recognizes that Plaintiff's concerns of discrimination are serious, Plaintiff has not demonstrated that he is entitled to injunctive relief.[20] It is therefore recommended that Plaintiff's Motion for Injunction be denied.

### III. CONCLUSION AND RECOMMENDATION

For these reasons, the undersigned recommends that service on the District be quashed, Plaintiff be permitted additional time to properly serve all Defendants, and Plaintiff's request for an injunction be denied.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and

---

[19] *Cathey v. Jones*, 505 F. App'x 730, 733 (10th Cir. 2012) (affirming denial of injunction where "Plaintiff not only failed to specifically address the four factors, but also failed to provide any discussion from which the district court could adequately evaluate whether they had been met").

[20] *Escobar v. Reid*, 348 F. App'x 387, 389 (10th Cir. 2009) (affirming denial of injunction involving serious "allegations of mistreatment" where the plaintiff's "conclusory statements do not demonstrate a likelihood of success on the merits of his case").

Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

SO ORDERED this 7th day of February, 2024.

_____
PAUL KOHLER
United States Magistrate Judge