IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HARSHAD P. DESAI, <br><br> Plaintiff, <br><br> v. <br><br> GARFIELD SCHOOL DISTRICT, <br><br> Defendant. | REPORT AND RECOMMENDATION <br><br><br> Case No. 4:23-cv-00103-DN-PK <br><br> District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

This matter is before the Court on Defendant Garfield School District's (the "District") Motion to Dismiss.[1] This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[2] For the reasons discussed below, it is recommended that the Motion be granted.

I.  BACKGROUND

Plaintiff filed this action on November 1, 2023.[3] Plaintiff filed an Amended Complaint on February 20, 2024.[4] The following facts are taken from Plaintiff's Complaint and attached exhibits, and the Amended Complaint.

Plaintiff is an Indian immigrant and practices Hinduism. Plaintiff asserts that he has repeatedly applied for positions with the District to be a substitute teacher. Plaintiff alleges that he was rejected for these positions because of his race, color, religion, and national origin.

Plaintiff filed a charge of discrimination with the Utah Labor Commission in 2002. On August 27, 2009, the Labor Commission determined that discrimination had occurred.[5]

---

[1] Docket No. 27, filed May 24, 2024.
[2] Docket No. 8.
[3] Docket No. 1.
[4] Docket No. 18.
[5] Docket No. 1-5.

Thereafter, Plaintiff and the District entered into a release agreement.[6] In exchange for $99,918.15, Plaintiff agreed to dismiss his claims against the District related to the Labor Commission case. In addition, Plaintiff agreed not to apply for employment within any school district in Utah and acknowledged that "[s]hould he apply, he may be denied employment by any school district without violating any statute, rule or regulation" and he "waive[d] any and all rights and release[d] any and all claims he may have to challenge any agency's action in denying him employment."[7]

Despite their agreement, Plaintiff continued to apply for positions with the District.[8] And consistent with the agreement, the District has declined to consider Plaintiff's applications.[9] Plaintiff brings this action asserting that the District's refusal to consider him for employment violates various constitutional and statutory provisions. The District seeks dismissal.

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally,[10] but will not assume the role of advocate for a *pro se* litigant.[11] In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed

---

[6] Docket No. 1-6.

[7] *Id.* ¶ 7.

[8] Docket No. 1-1.

[9] Docket No. 1-2.

[10] *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

in the light most favorable to Plaintiff as the nonmoving party.[12] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[13] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[14] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[15]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[16] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[17]

In considering a motion to dismiss, a district court considers not only the complaint "but also the attached exhibits,"[18] the "documents incorporated into the complaint by reference, and

---

[12] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[15] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[16] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[17] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[18] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

matters of which a court may take judicial notice."[19] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[20]

III.  DISCUSSION

A.   TITLE VI

42 U.S.C. § 2000d provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." The Tenth Circuit has held that "[t]he two elements for establishing a cause of action pursuant to Title VI are (1) that there is racial or national origin discrimination and (2) the entity engaging in discrimination is receiving federal assistance."[21] Here, there are no allegations that the District is receiving federal assistance. Therefore, Plaintiff has failed to state a plausible claim.

Even assuming Plaintiff had pleaded that the District received federal assistance, his claim fails. "To establish a prima facie case of disparate treatment as a result of the prospective employer's failure to hire, a plaintiff must show that (1) he applied for an available position; (2) he was qualified for the position; and (3) he was rejected under circumstances which give rise to an inference of unlawful discrimination."[22] Although Plaintiff need not establish a prima facie

---

[19] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

[20] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[21] *Baker v. Bd. of Regents*, 991 F.2d 628, 631 (10th Cir. 1993).

[22] *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1278 (10th Cir. 1999) (citation and internal quotation marks omitted). Courts regularly apply the same framework in both Title VI and Title VII cases. *See Bryant v. Indep. Sch. Dist. No. I–38 of Garvin Cnty., Okla.*, 334 F.3d 928, 930 n.1 (10th Cir. 2003).

case to survive a Rule 12(b)(6) motion, the elements are nonetheless relevant to determining whether Plaintiff has stated a plausible claim.[23]

Here, Plaintiff cannot demonstrate that he was rejected under circumstances that give rise to an inference of unlawful discrimination. Instead, it is clear that Plaintiff's application was not considered because of the release agreement wherein he agreed not to seek employment with the District.[24] Such agreements are permissible in resolving discrimination claims.[25] To the extent Plaintiff seeks to attack the release agreement, those efforts are untimely. A six-year statute of limitations applies to an action "upon any contract, obligation, or liability founded upon an instrument in writing."[26] The parties entered into the release agreement in December 2009, but Plaintiff did not bring this action until November 2023. Thus, Plaintiff cannot challenge the validity of release agreement, which served as the basis for the District's decision not to consider Plaintiff's employment applications.

B.   RETALIATION

Plaintiff next claims that the District retaliated against him. While Plaintiff's Complaint is silent as to the legal basis for this claim, the Court will consider it under Title VI. Although Title VI does not explicitly create a claim for retaliation, courts have held that such a cause of

---

[23] *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012)).

[24] Docket No. 1-2.

[25] *Carson v. Am. Brands*, 450 U.S. 79, 88 n.14 (1981) ("In enacting Title VII, Congress expressed a strong preference for encouraging voluntary settlement of employment discrimination claims.").

[26] Utah Code Ann. § 78B-2-309(1)(b).

action exists.[27] To state a claim for retaliation in violation of Title VI, a plaintiff must allege: "(1) that []he engaged in protected activity; (2) that []he suffered a material adverse action; and (3) that a causal connection existed between the protected activity and the adverse action."[28]

Here, Plaintiff cannot demonstrate a causal connection between his original discrimination complaint in 2002 and the District's refusal to consider his employment application in 2021. Instead, the District's decision was in keeping with the agreement the parties entered to resolve Plaintiff's earlier claim of discrimination.

C.  GUILTY PARTY PUNISHING AGGRIEVED PARTY

Plaintiff's third cause of action asserts that the District is punishing him. The legal basis for this claim is less than clear. Similar to his retaliation claim, it appears that Plaintiff is arguing that the District is punishing him for his earlier complaint of discrimination. But, as above, the District's decision to not consider Plaintiff's application was in keeping with the parties' release agreement.

D.  EIGHTH AMENDMENT

Plaintiff next asserts that the District has subjected him to cruel and unusual punishment in violation of the Eighth Amendment. The "Eighth Amendment's proscription against cruel and unusual punishment is only applicable following a determination of guilt after a trial or plea."[29] There are no allegations to suggest that Plaintiff was convicted of any crime and, thus, his Eighth

---

[27] *See L.L. v. Evesham Twp. Bd. of Educ.*, 710 F. App'x 545, 551 (3d Cir. 2017); *Peters v. Jenney*, 327 F.3d 307, 320 (4th Cir. 2003); *Shinabargar v. Bd. of Trs.*, 164 F. Supp. 3d 1, 16 n.8 (D.D.C. 2016) (collecting cases).

[28] *L.L.*, 710 F. App'x at 551 (citations and internal quotation marks omitted).

[29] *Weimer v. Schraeder*, 952 F.2d 336, 340 n. 5 (10th Cir. 1991) (internal quotation marks omitted).

Amendment rights were not implicated.[30] Further, even assuming that the Eighth Amendment was applicable, the refusal of the District to consider Plaintiff's job application hardly rises to a constitutional violation.

E.   CIVIL RIGHTS

Plaintiff next contends that the District has infringed upon his civil rights. However, Plaintiff provides nothing to suggest that he has a protected right to apply for and be considered for employment with the District. As discussed above, Plaintiff voluntarily relinquished any such right when he entered into the release agreement. In that agreement, Plaintiff acknowledged that it was "knowingly, freely, and voluntarily" entered, that he had "ample and reasonable time to consider" it, that he "read and fully considered" the release, and that he understood and desired to enter into it.[31] Given this, Plaintiff can hardly be heard to complain about the consequences of the agreement, especially given the significant sum he received in exchange for entering into the agreement.

F.   PRIMA FACIE AND STATUTORY CRIME

Plaintiff's next cause of action asserts "prima facie and statutory crime" by the District. As with his other claims, the legal basis for this claim is unclear. It appears that Plaintiff is attempting to bring a claim based on the Utah Labor Commission's prior finding of discrimination. However, Plaintiff agreed to dismiss his claims in the release agreement and

---

[30] *Crowe v. Clark*, 552 F. App'x 796, 799 (10th Cir. 2014).

[31] Docket No. 1-6, ¶ 8. The Supreme Court has stated that settlement agreements in Title VII cases must be "voluntary and knowing." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 n.15 (1974).

further agreed not to pursue them in any court.[32] There is no suggestion that the release agreement is invalid, other than Plaintiff's apparent buyer's remorse, and any attack on the validity of the release agreement would be untimely.

G.     LOCAL WHITE ONLY POLICY

Plaintiff also complains that the District has a policy of only hiring white applicants. Plaintiff provides only conclusory allegations without any supporting facts in support of this claim. This is insufficient to survive a motion to dismiss.

H.     NON-COMPLIANCE WITH COURT ORDER

Plaintiff's final claim is that the District has failed to comply with a court order. Presumably, Plaintiff is referring to the order issued by the Labor Commission. However, as has been discussed, the parties resolved that dispute through the release agreement and Plaintiff agreed to dismiss the claims involved. There is no suggestion that the District has violated the release agreement in such a way that would allow Plaintiff to re-assert these claims. Instead, it is Plaintiff who has run afoul of the agreement by applying for positions with the District despite agreeing not to do so.

## IV. CONCLUSION AND RECOMMENDATION

For these reasons, the undersigned recommends that the District's Motion to Dismiss be granted and that this action be dismissed with prejudice.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and

---

[32] *Id.* ¶ 4.

Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

SO ORDERED this 13th day of August, 2024.

PAUL KOHLER
United States Magistrate Judge