THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| HARSHAD P. DESAI,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>GARFIELD SCHOOL DISTRICT,<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION**<br>**AND ORDER ADOPTING**<br>**REPORT AND RECOMMENDATION**<br><br><br>Case No. 4:23-cv-00103-DN-PK<br><br>District Judge David Nuffer |

The Report and Recommendation[1] issued by United States Magistrate Judge Paul Kohler on August 13, 2024 recommends that Defendants' Motion to Dismiss[2] be granted and the case be dismissed with prejudice.

Judge Kohler notified the parties their right to file objections to the Report and Recommendation within 14 days of its service pursuant to 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b).[3] Plaintiff timely filed an Objection on August 26, 2024.[4]

De novo review has been completed of those portions of the report, proposed findings and recommendations to which objection was made, including the record that was before Judge Kohler and the reasoning set forth in the Report and Recommendation.[5] The analysis and

---

[1] Docket no. 35, filed Aug. 13, 2024.

[2] Docket no. 27, filed May 24, 2024.

[3] Report and Recommendation at 8-9.

[4] Plaintiff's Objection to this Court's Order (dated August 13, 2024) to Dismiss the Case ("Objection"), docket no. 36, filed Aug. 26, 2024.

[5] 28 U.S.C. § 636(b).

conclusion of Judge Kohler are correct. Therefore, the analysis and conclusion of Judge Kohler are accepted and the Report and Recommendation[6] is ADOPTED in its entirety.

## DISCUSSION

Plaintiff argues in his Objection that the Amended Complaint[7] contains sufficient factual allegations to state plausible claims for relief.[8] He further argues that discovery will reveal additional facts to support his claims.[9] And he argues that the Report and Recommendation's dismissal of his claims based on his prior settlement agreement with Defendant was improper because the agreement is invalid, illegal, and unconstitutional.[10]

As an initial matter, Plaintiff's Objection fails to specifically challenge the Report and Recommendation's findings, conclusions, and analysis regarding three important issues:

(1)     that the Amended Complaint fails to allege that Defendant is receiving federal assistance, which is necessary to state a plausible claim for deliberate indifference under Title VI;[11]

(2)     that the Amended Complaint fails to allege Plaintiff was convicted of any crime, which is necessary to state a plausible claim for cruel and usual punishment under the Eighth Amendment;[12]

(3)     that any challenges to the validity of Plaintiff's prior settlement agreement with Defendant are time barred.[13]

---

[6] Docket no. 35, filed Aug. 13, 2024.

[7] Docket no. 18, filed Feb. 20, 2024.

[8] Objection at 2-6.

[9] *Id*. at 2, 5-6.

[10] *Id*. at 2-5.

[11] Report and Recommendation at 4 (citing *Baker v. Bd. of Regents*, 991 F.2d 628, 631 (10th Cir. 1993)).

[12] *Id*. at 6-7 (citing *Weimer v. Schraeder*, 952 F.2d 336, 340 n.5 (10th Cir. 1991)).

[13] *Id*. at 5 (citing Utah Code. Ann. § 78B-2-309(1)(b)).

Plaintiff's failure to specifically object to these portions of the Report and Recommendation constitutes a waiver of objection to these portions.[14] Judge Kohler's findings, conclusions, and analysis regarding these portions of the Report and Recommendation are, after review, correct. Therefore, these portions of the Report and Recommendation are ADOPTED.

The effect of these portions of the Report and Recommendation being adopted is the dismissal of Plaintiff's claim for deliberate indifference under Title VI and his claim under the Eighth Amendment. The portion of Plaintiff's Objection challenging the Report and Recommendation's reliance on the settlement agreement is also rendered ineffective and is OVERRULED. The only question remaining regarding the settlement agreement is whether Judge Kohler correctly determined that the settlement agreement precludes Plaintiff's claims for deliberate indifference under Title VI; retaliation; guilty party punishing aggrieved party; infringement upon civil rights; prima facie and statutory crime; and noncompliance with court order. The answer to this question is that Judge Kohler's findings, conclusions, and analysis are correct.

As discussed in the Report and Recommendation,[15] Plaintiff previously filed a charge of discrimination against Defendant in 2002. The parties settled that dispute by entering an agreement in December 2009 under which Plaintiff received monetary compensation in exchange for dismissing his claims and agreeing not to seek future employment with Defendant. Plaintiff also acknowledged in the agreement that "[s]hould he apply, he may be denied employment . . . without violating any statute, rule or regulation," and that he "waive[d] any and

---

[14] *McDaniels v. Goff*, 646 Fed. App'x 609, 611 (10th Cir. 2016) (citing *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010)).

[15] Report and Recommendation at 1-2.

all rights and release[d] any and all claims he may have to challenge any . . . action in denying

him employment."

Judge Kohler correctly recognized that such agreements are permissible in resolving

discrimination claims.[16] Judge Kohler also correctly determined that Defendant's decision to not

hire Plaintiff was consistent with and authorized by the parties' settlement agreement.[17] And

Judge Kohler correctly concluded that the settlement agreement precludes Plaintiff from

demonstrating (i) his employment application was rejected under circumstances giving rise to an

inference of unlawful discrimination;[18] (ii) Defendant was unlawfully retaliating against him or

punishing him from his prior claims of discrimination;[19] (iii) Defendant infringed upon his civil

rights;[20] and (iv) Defendant violated the law or failed to comply with a court order regarding the

prior finding of discrimination.[21] Neither the substance of Plaintiff's factual allegations, nor

discovery regarding these issues, would alter the effect of the settlement agreement on Plaintiff's

claims. Therefore, Plaintiff's Objection is OVERRULED regarding these portions of the Report

and Recommendation. And these portions of the Report and Recommendation are ADOPTED.

The only remaining issue relates to Judge Kohler's determination that the Amended

Complaint fails to include sufficient factual allegations to support Plaintiff's claim that

Defendant has a policy of hiring only white applicants.[22] Plaintiff's only attempt to challenge

this determination is a refence to an exhibit that was attached to his original complaint and an

---

[16] *Id.* (citing *Carson v. Am. Brands*, 450 U.S. 79, 88 n.14 (1981)).

[17] *Id.* at 5-8.

[18] *Id.* at 5.

[19] *Id.* at 6.

[20] *Id.* at 7.

[21] *Id.* at 7-8.

[22] *Id.* at 8.

assertion that discovery will reveal the facts necessary to establish his claim.[23] However, to survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[24] "[N]aked assertion[s] devoid of further factual enhancement" are not sufficient.[25] Judge Kohler correctly determined that the Amended Complaint provides only conclusory allegations without any supporting facts to state a plausible claim.[26] Therefore, Plaintiff's Objection is OVERRULED regarding this portion of the Report and Recommendation. And this portion of the Report and Recommendation is ADOPTED.

Because the analysis and conclusion of Judge Kohler are correct, they are accepted and the Report and Recommendation[27] is ADOPTED in its entirety.

**ORDER**

IT IS HEREBY ORDERED that the Report and Recommendation[28] is ADOPTED in its entirety and this case is DISMISSED with prejudice.

The Clerk is directed to close the case.

Signed September 11, 2024.

BY THE COURT

David Nuffer
United States District Judge

---

[23] Objection at 5.

[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

[26] Report and Recommendation at 8.

[27] Docket no. 35, filed Aug. 13, 2024.

[28] Docket no. 35, filed Aug. 13, 2024.